# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-638V
UNPUBLISHED

| | |
|---|---|
| TASHA ALLEN,<br><br>       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>       Respondent. | Chief Special Master Corcoran<br><br>Filed: August 16, 2023<br><br>Show cause; failure to prosecute; influenza (flu) vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Leigh Finfer*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On January 12, 2021, Tasha Allen filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration from an influenza vaccine she received on September 16, 2018. ECF No. 1. Petitioner did not file any supporting documents with her petition. Petitioner did not file any supporting documents with her petition. Due to Petitioner's failure to prosecute her claim, this case is **DISMISSED**.

### Relevant Procedural History

On February 5, 2021, the PAR Initial Order issued requiring Petitioner to file medical records and other statutorily required supporting documentation. ECF No. 5.

On March 14, 2022, Petitioner filed some medical records, a Statement of Completion, and a status report. ECF Nos. 10-12. In the status report, Petitioner's counsel advised that she "no longer feels as though Petitioner can establish a presumptive Table SIRVA injury. Counsel is awaiting return of written authorization to take the necessary steps to withdraw Petitioner's claim." ECF No. 12.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On July 11, 2022, Petitioner's counsel filed a status report indicating that '[d]ue to an inability to meet the severity requirement, Petitioner must withdraw her claim. Despite numerous attempts via telephone and certified mail, Petitioner's counsel has had no contact with Petitioner for over four (4) months and is therefore unable to obtain written permission to withdraw the claim." ECF No. 13.

On August 2, 2022, I issued an Order to Show Cause why this case should not be dismissed for failure to prosecute. ECF No. 14. On August 23, 2022, counsel filed a document indicating that the Order to Show Cause had been sent to Petitioner by certified mail. ECF No. 15. The tracking number provided in the document revealed that the package had been delivered. The show cause deadline passed without any response from Petitioner.

## Grounds for Dismissal

It is a petitioner's obligation to follow and respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel - is grounds for the claim's dismissal. *Padmanabhan v. Sec'y of Health & Human Servs.*, 638 Fed. App'x 1013 (Fed. Cir. 2016); *Tsekouras v. Sec'y of Health & Human Servs*., 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Human Servs*., 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the court's . . . . deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order . . . , would result in dismissal of the claim. The chief special master clearly did not abuse his discretion in dismissing this case for failure to prosecute"); *see also* Vaccine Rule 21(b) ("[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

Petitioner was specifically advised in the August 2, 2022 Order to Show Cause that failure to follow orders issued in this matter (and failure to communicate with her counsel which prevents compliance with those order) risked dismissal of the claim. As noted in the response to the Order to Show Cause, Petitioner has been out-of-touch with her counsel since March 2022. Because Petitioner has continued to disregard my orders, without justification or explanation, dismissal is now appropriate.

**Accordingly, this case is DISMISSED for failure to prosecute. The clerk shall enter judgment accordingly.[3]**

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] If Petitioner wishes to bring a civil action, he must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."